UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SHEILA HALVORSON,            )
                             )
        Plaintiff,            )
                             )    CIVIL ACTION NO.
VS.                          )
                             )    3:10-CV-0807-G
MARK LACY, INDIVIDUALLY, ET AL., )
                             )
        Defendants.          )

MEMORANDUM OPINION AND ORDER

Before the court is (1) the motion of the defendant Mark Lacy ("Lacy") to dismiss the claim of intentional infliction of emotional distress against him brought by the plaintiff Sheila Halvorson ("Halvorson"), and (2) Halvorson's motion to remand this case to the state district court from which it was previously removed. For the reasons set forth below, the motion to dismiss is denied, and the motion to remand is granted.

I. BACKGROUND

On March 25, 2010, Halvorson filed this case in the 95th Judicial District Court of Dallas County, Texas, against (1) Lacy, (2) Connolly Consulting Associates

Worldwide, Inc. ("Connolly Consulting"), (3) Connolly, Inc., formerly known as Connolly Consulting Associates, Inc., doing business as Connolly Healthcare ("Connolly"), and (4) ADP TotalSource, Inc. ("ADP") after Halvorson's employment was terminated. She alleged claims of breach of contract against the Connolly Consulting, Connolly, and ADP; retaliation, in violation of the Texas Labor Code, against the Connolly defendants; and intentional infliction of emotional distress against Lacy, Halvorson's supervisor. *See generally* Plaintiff's Original Petition ("Petition"), *attached to* Defendants' Notice of Removal ("Notice of Removal"), as Exhibit A-2.

On April 21, 2010, the defendants removed the case to this court on the basis of diversity of citizenship. Halvorson is a Texas citizen. Notice of Removal at 2. Lacy is a Texas resident and citizen. Petition ¶ III; Notice of Removal at 3. Connolly Consulting and Connolly are Georgia corporations with headquarters in Atlanta. Petition ¶ III. ADP is a Florida corporation with its principal place of business in Florida and a registered agent in Houston, Texas. *Id*. In their notice of removal, the defendants maintain that Lacy was improperly joined and contend that Halvorson failed to assert a valid claim against Lacy, a non-diverse defendant. Notice of Removal at 3.

On April 21, 2010, Lacy filed a motion to dismiss Halvorson's claim for intentional infliction of emotional distress because the factual bases for Halvorson's

intentional infliction of emotional distress claim against Lacy and her statutory claim for retaliation are the same, and the statute provides an appropriate theory of redress. Defendant Mark Lacy's Brief in Support of His Rule 12(b)(6) Motion to Dismiss at 2-3. Alternatively, Lacy maintains that his alleged conduct was not sufficiently extreme or outrageous to constitute intentional infliction of emotional distress. *Id*. at 3-5. Halvorson avers that her retaliation and intentional infliction of emotional distress claims are factually distinct. Plaintiff's Response and Brief in Opposition to Defendant Mark Lacy's Rule 12(b)(6) Motion to Dismiss at 4. Specifically, Halvorson maintains that her intentional infliction of emotional distress claim against Lacy stems from the fact that Lacy verbally and physically threatened her while her retaliation claim against the Connolly defendants are based on "Connolly management who retaliated against her after she formally complained about . . . Lacy. . . ." *Id*. at 2.

On May 21, 2010, Halvorson moved to remand this case because the parties are not diverse as the intentional infliction of emotional distress claim against Lacy and the retaliation claim against the Connolly defendants do not arise out of the same conduct. Plaintiff's Motion to Remand and Brief in Support at 2.

II. ANALYSIS

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be

granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).

The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357), *cert. denied*, 459 U.S. 1105 (1983). Granting such a motion "is a 'precarious disposition with a high mortality rate.'" *Id*. (quoting *Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)).

Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).

The thrust of the motion to dismiss is that Halvorson has failed to state claim for intentional infliction of emotional distress upon which this court could grant her relief. The court concludes, however, that Lacy has failed to show that Halvorson could prove no set of facts in support of her claim that would entitle her to relief. See

*Conley*, 355 U.S. at 45-46.  Because there exists a possibility that Halvorson will be able to establish a cause of action against Lacy in state court, this court cannot say that her joinder of Lacy was fraudulent.  See *Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc).  Accordingly, the defendants' basis for removal -- complete diversity of citizenship -- is lacking, and this case must be remanded for lack of subject matter jurisdiction.  *See* 28 U.S.C. §§ 1441(b), 1447(c).

### III.  CONCLUSION

For the reasons stated above, Halvorson's to remand is **GRANTED**.  This case is **REMANDED** to the **95th Judicial District Court of Dallas County, Texas**.  The clerk shall mail a certified copy of this memorandum opinion and order to the district clerk of Dallas County, Texas.  28 U.S.C. § 1447(c).

**SO ORDERED**.

March 22, 2011.

*[signature: A. Joe Fish]*

**A. JOE FISH**
**Senior United States District Judge**